IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN E. BLAIR, § | | |
| PLAINTIFF, § | | |
| § | | |
| V. § | CASE NO. 3:23-CV-2458-B-BK | |
| § | | |
| DEPARTMENT OF § | | |
| VETERANS AFFAIRS, § | | |
| DEFENDANT. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for case management. Before the Court is *Defendant's Motion to Dismiss & Supporting Brief*, Doc. 30. As detailed here, the motion should be **GRANTED**.

**I. BACKGROUND**

Plaintiff worked for Defendant as a sign painter until his employment was terminated in February 2016. Doc. 3 at 7-23. Plaintiff appealed his termination to the Merit Systems Protection Board ("MSPB"), arguing that Defendant lacked good cause to terminate him and violated federal discrimination laws. Doc. 3 at 7-23. The MSPB ultimately ruled against Plaintiff and upheld Defendant's decision in a final order issued on January 18, 2023. Doc. 3 at 32-34.

In that order, the MSPB notified Plaintiff of his right to seek judicial review, adding, "the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file." Doc. 3 at 34 (citing 5 U.S.C. § 7703(b)). The notice explained the

"general rule" that "an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within 60 calendar days of the date of issuance of this decision." Doc. 3 at 34 (citing 5 U.S.C. § 7703(b)(1)(A)).  But if Plaintiff "claimed that [he] w[as] affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination," he had 30 days to file a civil action "with an appropriate U.S. district court (not the U.S. Court of Appeals for the Federal Circuit)." Doc. 3 at 34 (citing, *inter alia*, 5 U.S.C. § 7703(b)(2)).

On March 13, 2023, Plaintiff notified the Federal Circuit that he wished to appeal the MSPB's final order.  Doc. 1 at 5.  He then represented, "I did claim that I was discriminated against before the MPSB . . . and I do not wish to abandon my discrimination claims." Doc. 7 at 3 (emphasis in original).  In light of that representation, the Federal Circuit concluded that it lacked jurisdiction and transferred the case to this Court in October 2023.  Doc. 14 at 1-2.  Plaintiff, proceeding *pro se*, has since filed a *Complaint in a Civil Case* against Defendant, still seeking judicial review from of MSPB's final order.  Doc. 29, *passim*.

Defendant now moves to dismiss this case under either Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Doc. 30.  Defendant mainly argues that Plaintiff's request for judicial review is untimely because it seeks review of a case involving discrimination claims and was filed after section 7703(b)(2)'s 30-day deadline.  Doc. 30 at 12-13.  Defendant alternatively argues that the pleadings reveal no basis for equitable tolling.  Doc. 30 at 13-14.  Plaintiff counters that he timely sought judicial review by notifying the Federal Circuit of his

appeal within 60-days, as required by section 7703(b)(1)(A).[1] Doc. 32 at 1. He also responds that any doubts concerning whether the section 7703(b)(1)(A)'s 60-day deadline or section 7703(b)(2)'s 30-day deadline applies should be resolved in discovery. Doc. 32 at 1.

## II. APPLICABLE LAW

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss falls on the party asserting jurisdiction. *Id.* (citation omitted). "Under Rule 12(b)(1), a court has wide discretion to review affidavits, and other documents outside of the pleadings, . . . in order to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside of the pleadings does not convert the motion to a Rule 56 summary judgment motion." *Martin v. Napolitano*, No. 11-CV-1368, 2012 WL 1413579, at *3 (W.D. La. Apr. 2, 2012) (citation omitted), adopted by, 2012 WL 1413162 (W.D. La. Apr. 23, 2012); *see also Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) ("[W]here subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. No presumptive truthfulness attaches to the plaintiff's allegations.").

## III. ANALYSIS

At the outset, this case is a "mixed case," in that Plaintiff seeks review of a personnel action that allegedly involved discrimination. *See Gause v. Shanahan*, 801 F. App'x 247, 249-50

---

[1] Plaintiff's *pro se* brief is liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

(5th Cir. 2020) (describing a "mixed case" as one stemming from "a personnel action serious enough to appeal to the [Merit Systems Protection Board] and [an] alleg[ation] that the action was based on discrimination") (citation omitted). In such a case, section 7703(b)(2)'s 30-day deadline governs a request for judicial review, not section 7703(b)(1)(A)'s 60-day deadline as Plaintiff argues. 5 U.S.C. § 7703(b)(2).[2] Accordingly, Plaintiff was required to seek judicial review "within 30 days after the date [he] received notice of the judicially reviewable action." *See id.* And, for electronically registered filers, "MSPB documents . . . are deemed received on the date of electronic submission." 5 C.F.R. § 1201.14(l)(2).

Plaintiff failed to meet section 7703(b)(2)'s 30-day deadline. He is deemed to have received the MSPB's final order on January 18, 2023—the date it was issued. *See* Doc. 3 at 39 (certifying that the final order was sent to Plaintiff by electronic mail on January 18, 2023). His receipt of the same on that date thus triggered section 7703(b)(2)'s 30-day window for him to file an action for judicial review in appropriate district court. *See* 5 U.S.C. § 7703(b)(2). Yet he did not seek judicial review until March 13, 2023, more than 50 days later, when he sought the same from the Federal Circuit. Doc. 1 at 5. Likewise, his argument about the applicability of section 7703(b)(1)(A)'s 60-day deadline lacks merit, as he pursued (and continues to pursue) judicial

---

[2] The prevailing view among the Fifth Circuit's district courts is that the time limit to seek judicial review of an MSPB decision is jurisdictional, and it is treated as such here. *See, e.g.*, *Chelette v. Wilkie*, No. 1:19-CV-00573, 2020 WL 3819079, at *3 (W.D. La. June 17, 2020), *adopted by*, 2020 WL 3815638 (W.D. La. July 7, 2020) (ruling that the statutory deadline in section 7703(b)(2) is jurisdictional) (citation omitted); *Eiler v. U.S. Post Off.*, No. 6:08-CV-054-C, 2009 WL 10705390, at *6 (N.D. Tex. Apr. 23, 2009) (Cummings, J.) (same); *Lucero v. Conner*, 536 F. Supp. 2d 672, 676 (W.D. Tex. 2008) (same). Even when the filing deadline was not viewed as jurisdictional, however, this Court declared untimely a complaint filed outside section 7703(b)(2)'s 30-day window. *See Hicks v. Peake*, No. 3:07-CV-0819-M, 2008 WL 3884367, at *3 (N.D. Tex. Aug. 20, 2008) (Lynn, J.). In keeping with this holding, this action would be untimely even if section 7703(b)(2)'s time limit were not jurisdictional.

review of his discrimination claims, to which the 60-day deadline does not apply.  At bottom, Plaintiff's failure to comply with section 7703(b)(2) renders this action time-barred and deprives the Court of jurisdiction.[3]  *See Chelette*, 2020 WL 3819079, at *3 (citing, *inter alia*, *Eiler*, 2009 WL 10705390, at *6).

## IV. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal.  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  But leave is not required "if the plaintiff has already pleaded his best case."  *Id.*  While Plaintiff has not previously amended his complaint, there is no set of facts that could cure the defects cited by the Court.  Thus, granting leave to amend would be futile, cause needless delay, and waste the Court's resources.

## V. CONCLUSION

For the foregoing reasons, *Defendant's Motion to Dismiss & Supporting Brief*, Doc. 30, should be **GRANTED**, and Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE**, and this case should be **CLOSED**.

**SO RECOMMENDED** on February 26, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] In light of this conclusion, the Court does not address the parties' remaining arguments.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).